UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80666-CIV-HURLEY

LEXISNEXIS RISK SOLUTIONS FL, INC.,
        Plaintiff,

vs.

JACQUELYN SPIEGEL,
        Defendant.

_____/

ORDER GRANTING IN PART & DENYING IN PART
DEFENDANT'S MOTION TO COMPEL ARBITRATION

**THIS CAUSE** is before the court upon the defendant's motion to compel arbitration and stay

proceedings, the plaintiff's response in opposition, and the defendant't reply [ECF Nos. 20, 29, 35].

Upon consideration, the court has determined to grant the motion as to the plaintiff's claim for

compensatory damages, and to deny the motion as to the plaintiff's remaining claim for permanent

injunctive relief.

### I.   Procedural Background

LexisNexis Risk Solutions FL Inc. ("LexisNexis") filed this diversity action against defendant

Jacquelyn Spiegel ("Spiegel") for breach of the confidentiality and non-compete provisions of an

employment agreement ("Agreement") between LexisNexis and Spiegel.  In its two count complaint,

LexisNexis seeks preliminary and permanent injunctive relief (Count 1) as well as compensatory

damages (Count 2) for Spiegel's alleged breach of contract.

At the inception of the litigation, LexisNexis moved for a temporary restraining order and a

preliminary injunction against Spiegel for violating these provisions of the parties' Agreement.  After

evidentiary hearing held May 28, 2014, the court granted LexisNexis' motion for preliminary injunction, finding a substantial likelihood of its success in showing a breach of the confidentiality and non-compete provisions of the Agreement. The court enjoined Spiegel from further working in any capacity for her new employer, TLO/TransUnion, and further prohibited Spiegel from using, disclosing, or misappropriating any of LexisNexis' trade secrets or other confidential and proprietary business information [ECF No. 24].

Spiegel now moves to compel arbitration of all remaining claims in this litigation pursuant to an arbitration clause in the Agreement, and for a stay of this proceeding pending arbitration. In response, LexisNexis contends that its remaining claims involve purely injunctive relief, which are not arbitrable. However, in advancing this view, LexisNexis does not withdraw its breach of contract claim and corresponding demand for compensatory damages or otherwise address the issue of the arbitrability of this legal claim.

## II. Discussion

The defendant's motion to compel arbitration is based on an arbitration provision in the Agreement, at paragraph 24, which provides:

> **All disputes in any manner relating to or arising out of this Agreement shall be resolved through binding arbitration under the auspices of the American Arbitration Association, or such other arbitration association as the parties may agree**. The decision or award of the arbitrator shall be binding upon the parties and shall be enforceable by a judgment entered in a court having jurisdiction. In the event that the arbitrator determines there is a prevailing party in the arbitration, the prevailing party shall recover from the other party all costs of arbitration including all reasonable attorneys' fees incurred by the prevailing party. **Notwithstanding the foregoing, this provision shall not be construed to limit a party's right to seek preliminary or permanent injunctive relief in any court of competent jurisdiction**.

(emphasis added).

2

Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (1994) ("FAA"), upon motion of a party, district courts must compel arbitration of all claims subject to arbitration. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218-219, 105 S. Ct. 1238, 1241-42, 84 L.Ed.2d 158 (1985). The Supreme court has interpreted the FAA to "manifest a liberal federal policy favoring arbitration agreements," *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289, 122 S. Ct. 754, 151 L.Ed.2d 755 (2002), and has mandated that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). On the other hand, "the FAA does not require parties to arbitrate when they have not agreed to do so … nor does it prevent parties who do agree to arbitrate from precluding certain claims from the scope of their arbitration agreement." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.,* 489 U.S. 468, 478, 109 S. Ct. 1248, 1255, 103 L. Ed. 2d 468 (1989). That is, the parties "may limit by contract the issues which they will arbitrate." *Id* at 469, 109 S. Ct. at 1256.

In determining whether to compel arbitration of a dispute, a court must first decide whether the parties agreed to arbitrate that particular dispute. To determine this question, courts generally should apply ordinary state-law principles that govern the formation of contracts. *First Options of Chicago*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131  L.Ed. 2d 985 (1995). Under Florida law, the terms of the contract should control where the rights and interests of the parties are definitely and clearly stated. *American Express Financial Advisors, Inc. v.  Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997).

In this case, the Agreement plainly carves out an exemption from its otherwise broad

3

arbitration requirement, specifically reserving the right to all parties to "to seek preliminary or permanent injunctive relief in any court of competent jurisdiction." Spiegel contends that this language creates an inconsistency with the parties' broad agreement to arbitrate all disputes relating to or arising out of the Agreement, on theory that a judicial ruling on a request for a permanent injunction would effectively create issue preclusion in arbitration if the district court injunctive proceeding went forth before the arbitration proceeding. To avoid this result, Spiegel argues that the exemption for injunctive relief should be interpreted to allow a party to seek preliminary injunctive relief, then proceed to arbitration on all issues, and, if necessary following completion of arbitration, return to court to enforce or challenge the award of the arbitrators.

The court cannot accept this strained interpretation of the exemption or judicial carve-out provision of the arbitration clause, which would effectively eliminate the inclusion of "permanent injunctive relief" from its penumbra, contrary to the plain language of the text. The judicial carve-out leaves no room for ambiguity - the parties intended to allow "a court of competent jurisdiction" to provide injunctive relief, whether preliminary or permanent. With this, the defendant is not entitled to compel arbitration of LexisNexis' remaining request for permanent injunctive relief. However, LexisNexis' request for compensatory damages, subsumed within its breach of contact claim, plainly falls within the scope of the arbitration clause, and to the extent LexisNexis continues to press this claim, Spiegel is entitled to proceed to arbitration upon it. *See American Express Financial Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940-941 (11th Cir. 1997) (plain terms of employment agreement left decision on whether to grant injunctive relief pending arbitration to the courts, rather than arbitrators, where agreement provided that if dispute was submitted to arbitration, employer was entitled to injunction from court to keep employees from violating certain restrictions

in agreement); *Hudson Global Res. Mgmt. v Beck*, 2006 WL 1722353 (M.D. Fla. 2006) (tort claims held encompassed within arbitration agreement, while claims for injunctive and equitable relief based on alleged breach of confidentiality agreement and misappropriation of trade secrets were not subject to arbitration based on express exclusion in agreement); *Apartment Inv. & Mgmt. Co. v. Flamingo/South Beach I Condominium Assn, Inc*., 84 So.3d 1090, 1093 (Fla. 3d DCA 2010).

### III. Conclusion

An agreement to arbitrate is enforceable under federal and Florida law if: (1) a valid, written agreement to arbitrate exists; (2) an arbitrable issue exists, and (3) the parties have not waived their right to arbitration. *Seifert v U.S. Home Corp*., 750 So.2d 633, 636 (Fla. 1999). Here, all three requirements for enforcement of arbitration are met with respect to LexisNexis' claim for compensatory damages arising out of Spiegel's alleged breach of contract, as a valid, written arbitration agreement exists between plaintiff and defendant, arbitrable issues exist as to the request for money damages, and neither LexisNexis nor Spiegel has waived their right to arbitration on this claim. Accordingly, under 9 U.S.C. §§ 3-4, this matter shall proceed to arbitration on the breach of contract claim (Count 2), while the claim for permanent injunctive relief (Count 1), subsumed within the exemption to the arbitration clause, is reserved to the court and shall be stayed pending the outcome of arbitration.

It is accordingly **ORDERED AND AJDUGED:**

1. The defendant's motion to compel arbitration is **GRANTED IN PART and DENIED in PART.** The matter shall proceed to arbitration on the plaintiff's claim for breach of contract as set forth in Count 2 of the Complaint. The motion to compel is otherwise denied.

2. The parties shall file a status report with the court regarding the status of arbitration within

180 days from the date of entry of this order.  The parties shall also file a status report regarding the outcome of arbitration with the court within ten days after its completion.

3. This action shall further be **STAYED** during the pendency of arbitration on the breach of contract claim.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 9th day of July, 2014.

Daniel T. K. Hurley
United States District Judge

cc.  all counsel

6