# Exhibit A

## CONFIDENTIALITY, NONDISCLOSURE, AND NONCOMPETITION AGREEMENT

THIS AGREEMENT is made as of the _03_ day of _MARCH_ 2003 ("Effective Date"), between Seisint Incorporated, a Florida Corporation, whose address is 6601 Park of Commerce Blvd., Boca Raton, Florida, 33487, and its affiliates and subsidiaries (such entities are collectively referred to herein as "Corporation") and _JACQUELYN SPIEGEL_, an individual, whose address is _2016 ALTA MEADOWS LN_ ("Individual"), collectively referred to as "the Parties".

### RECITALS

Corporation is a Florida company who is in the process of developing and implementing a new business venture ("Venture") of a highly confidential nature.

Individual has been approached by Corporation with a view towards having Individual provide services to Corporation with regard to this Venture and other related matters.

Corporation and Individual desire to enter into confidential negotiations and a confidential relationship with respect to the Venture and related issues, including but not limited to trade secret information, computer programming information, the nature of the Venture and the format of the business (the "Business Purpose").

In order to pursue the mutual Business Purpose, Corporation and Individual recognize that there is a need for Corporation to disclose to Individual certain of its highly confidential information, both orally and in written form, as well as Individual being responsible for creating and managing certain of this confidential information, to be used only for the Business Purpose, and a need for Individual to protect the Corporation's confidential information from unauthorized use and disclosure.

NOW, THEREFORE, in consideration of the mutual covenants and conditions herein contained, and the association with the Corporation of Individual, the Parties hereto agree as follows:

1. **Definitions**

As used herein, the following terms shall have the following meanings:

(a) "Confidential Information" shall mean any facts, opinions, conclusions, projections, data, programs, processes, algorithms, ideas, concepts, information, trade secrets or know-how, or documents containing same, whether legally protected from disclosure or not, relating to any research project, work in progress, future development, engineering, current development, programming, manufacturing, marketing, financial or personnel matters relating to the Corporation, its present or future products, technologies, sales, customers, employees, investors, prospects, markets or businesses, whether communicated orally or in writing or obtained by the Individual through observation or examination of Corporation's facilities, businesses, trade secrets or procedures, existing as of the Effective Date or thereafter developed in which there is a proprietary interest and that there is a legitimate business reason for guarding against unauthorized use or disclosure.

(b) "Medium" shall mean any physical form or manner of storing or preserving information temporarily or permanently, including, without limitation, paper, photographic film, slides or prints, transparencies, drawings or pictures, electronic or magnetic memory devices (e.g., magnetic disks or tapes, bubble memories, or semiconductor devices such as DRAM, SRAM, EPROM, FLASH or PAL chips, optical laser disks (e.g., CD ROM disks)).

(c) "Subject Information" shall mean any Confidential Information, Trade Secret(s) or other proprietary information provided by one party to the other whether orally or in writing or stored on any form of Medium.

(d) ) "Trade Secrets" shall mean any information or thing that constitutes a trade secret under Federal, state, and/or local law, including, without limitation, a formula, pattern, compilation, algorithm, program, device,

Initials _AL_   HR Initials _JS_           Page 1 of 7

method, technique, process, or information related thereto, that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2. Specific Items

Confidential Information of Corporation includes, but is not limited to:

(a) the idea for, development of and technical specifications for its hardware and software systems as disclosed in writings, communications or meetings between Corporation and Individual on, before or after the Effective Date, and as may be disclosed in oral communications or written documentation to be provided by Corporation to Individual;

(b) the fact that Corporation is planning to introduce any such system, or any other product, invention, idea, technique, program, or other item resulting from the Venture ("Product");

(c) the anticipated Product announcement date; and

(d) the fact that Corporation is or may be in negotiations with third parties to license Corporation's Product(s).

3. Identification of Confidential Information

All information of any kind, regardless of subject matter or method of transmission, obtained by Individual through his/her/its engagement with Corporation is to be presumed by Individual to be Confidential Information unless otherwise specified or clarified to the contrary by Corporation. If such Confidential Information is disseminated within the confines of the corporation, it shall be clearly labeled as confidential if in written form; if the Confidential Information is disclosed orally, the Individual must summarize it in writing and confirm that it is confidential immediately after its oral disclosure to or by the Individual.

4. Exclusions

Individual, however, shall have no liability to the other party, under this Agreement with respect to the disclosure and/or use of any such Confidential Information that it can establish:

(a) has become generally known or available to the public without breach of this Agreement by the Individual;

(b) was known by the Individual before receiving such information from the Corporation;

(c) has become known by or available to Individual from a source other than Corporation, without any breach of any obligation of confidentiality owed to Corporation, subsequent to disclosure of such information to it by Corporation;

(d) has been provided to the Individual with a written statement that it is provided without restriction on disclosures; or

(e) has been approved for release or use by written authorization of Corporation.

5. Obligations

The Individual acknowledges that irreparable injury and damage will result from disclosure to third parties, or utilization for purposes other than those connected with the proposed Venture or other business relationship, of the Confidential Information. Therefore, Individual agrees:

Initials _____ HR Initials _____    Page 2 of 7

(a) to hold the Confidential Information in strict confidence;

(b) not to disclose such Confidential Information to any third party (including but not limited to all family members, confidants, and competitors of Corporation) except as specifically authorized herein or as specifically authorized by Corporation in writing;

(c) to use all reasonable precautions, consistent with the Individual's treatment of his/her/its own confidential information of a similar nature, to prevent the unauthorized disclosure of the Confidential Information, including, without limitation, proper disposal of sensitive materials and documents, protection of documents from theft, unauthorized duplication and discovery of contents, and restrictions on access by other persons to such Confidential Information; and

(d) not to use any Confidential Information for any purpose other than the Business Purpose.

6. Detailed Enumeration of Individual's Obligations

Individual represents, warrants and covenants to the Corporation, each of the following:

(a) Individual shall, indefinitely, hold any Confidential Information in the strictest confidence and will not disclose any Subject Information to any person or entity whatsoever, absent prior, express written instruction, signed by the president or chief executive officer of the Corporation. The Individual shall take all steps necessary to ensure that any Confidential Information is held in the strictest confidence and that the terms and conditions of this Agreement are strictly adhered to by the Individual.

(b) Individual, nor any person to whom any of the Confidential Information is directly or indirectly disclosed by Individual, will make, have made, use, trade or sell, whether for his/her/its own purposes or for any other, any copies of Subject Information, or any part of the contents thereof, unless express written instruction, signed by the president or chief executive officer of the Corporation, has been given prior to any such action or use by Individual.

(c) Individual shall maintain a log of any written Confidential Information provided to him/her/it by the Corporation and shall provide a copy thereof to the Corporation immediately upon request, with a certification that it is an accurate and complete listing thereof. Such log shall show the description of the Confidential Information provided, the date upon which such Confidential Information was received, the identification of any persons to whom access to such Confidential Information has been granted and the number, if any, of copies made of such Confidential Information, as well as the exact whereabouts of each such copy and all notations, compilations or similar work product generated through use of the Confidential Information.

(d) The standard of care to be utilized by the Individual in the performance of his/her/its representations, warranties, covenants and obligations set forth in this Agreement relative to its treatment of the Confidential Information shall be the standard of care, but in no event less than a reasonable standard of care, utilized by Individual in treating his/her/its own most proprietary, secret and confidential information, and such information shall not be subject to any right of waiver.

(e) Individual further agrees to indemnify the Corporation against any loss or liability resulting from, or arising in connection with, unauthorized use or disclosure of the Confidential Information by the Individual or his/her representatives.

7. Required Disclosures

Individual may disclose the Confidential Information if and to the extent that such disclosure is required by applicable law, provided that the Individual uses reasonable efforts to limit the disclosure by means of a protective order or a request for confidential treatment, and provides Corporation a reasonable opportunity to review the disclosure before it is made and to interpose its own objection to the disclosure.

Initials _____ HR Initials _____      Page 3 of 7

### 8. Copies and Abstracts

Individual shall not make or use any copies, synopses or summaries of oral or written material, photographs or any other documentation or information made available or supplied by Corporation to the Individual except such as are necessary for the Individual's internal communications in connection with carrying out the Business Purpose. All such copies and abstracts must themselves be marked as confidential and the Individual shall maintain a written record of the distribution of all such copies and abstracts, and properly secure and dispose of same.

### 9. Return of Confidential Information

Upon Corporation's request, the Individual will promptly return to Corporation all originals and copies of the Confidential Information, will destroy all notes, abstracts and other documents that contain Confidential Information, and will provide Corporation a written certification that Individual has done so.

### 10. No Representations as to Accuracy

Corporation warrants that it has the right to make the disclosure of Confidential Information contemplated by this Agreement. In providing the Confidential Information under this Agreement, Corporation makes no representation, either express or implied, as to its adequacy, sufficiency, or freedom from defect of any kind, including freedom from any patent infringement that may result from the use of such Confidential Information, and Corporation shall not incur any responsibility or obligation whatsoever by reason of such Confidential Information.

### 11. Covenant Not to Compete and Remedies

Individual agrees that in consideration for any and all compensation provided to Individual by Corporation or affiliates, that applicant will not, for a period of two (2) years after the end or termination of Individual's relationship with Corporation, irrespective of the time, manner or cause of such termination, directly or indirectly, either as principal, agent, employee, employer, stockholder, copartner or in any other individual or representative capacity whatsoever, engage in a business in the continental United States that is the same or similar to the Venture, including but not limited to "Internet" or other electronic media ventures, as well as other computer hardware, software or programming ventures, businesses, partnerships, proprietorship, enterprises or corporations, or any other type of business which now or later may in the course of Individual's relationship with Corporation be conducted by the Parties, whether in whole or in part, nor will Individual solicit, serve or cater to or engage, assist, be interested in or connected with any other person, firm, partnership or corporation soliciting, serving or catering to any of the customers served by Corporation or the industry in which Corporation is involved, unless Individual receives prior written consent from the president or chief operating officer of Corporation.

The Parties, additionally recognizing that irreparable injury will result to Corporation, its business, property, and to the Venture in the event of a breach of this Agreement by Individual, and that the relationship between the parties is based primarily upon this Agreement, it is agreed that in that event Corporation shall be entitled, in addition to any other remedies and damages available at law, to an injunction to restrain the violation by Individual, his/her/its partners, agents, servants, employers, employees, and all persons acting for or with him/her/it. Further, Individual represents and admits that in the event of the termination of the relationship between the parties, his/her/its experiences and capabilities are such that he/she/it can obtain employment in business or other lines work and/or of a different nature, and that the enforcement of a remedy by way of injunction will not prevent him/her/it from earning a livelihood.

### 12. Retention of Legal Rights

Corporation retains all rights and remedies with respect to the Confidential Information afforded it under the patent, trademark and any other laws of the United States and the individual States, both during and after the term of this Agreement, including without limitation any trade secret or other laws designed to protect proprietary or confidential information.

Initials _____ HR Initials _____   Page 4 of 7

### 13. No Creation of Ownership Rights

Nothing in this Agreement, nor any action taken by Individual, including, without limitation, any payment of monies by Individual to Corporation, during any discussions prior to the consummation of the proposed employment or other business relationship shall be construed to convey to Individual any right, title or interest in the Confidential Information, or any license to use, sell, exploit, copy or further develop in any way the Confidential Information. No license is hereby granted or implied under any patent, copyright or trademark, any application for any of the foregoing, or any trade name, trade secret or other proprietary information, in which Corporation has any right, title or interest.

### 14. Public Announcement

All public announcements or other statements to third parties related to the discussions referred to in the recitals of this Agreement by either of the parties shall be subject to prior approval by the other party, except for such statements as may be necessary, in the opinion of their respective counsel, to comply with the requirements of any law, governmental order, or regulation.

### 15. Injunctive Relief

Individual acknowledges that the unauthorized use or disclosure of the Confidential Information would cause irreparable harm to Corporation. Accordingly, the Individual agrees that Corporation will have the right to obtain an immediate, *ex parte* or otherwise, injunction against any breach, or threatened breach of this Agreement as it relates to such Confidential Information, as well as the right to pursue any and all other rights and remedies available at equity for such a breach.

### 16. Term of Agreement

This Agreement applies to all Confidential Information that is disclosed by Corporation to the Individual during the period that begins on the Effective Date set forth above and shall remain in effect continually in perpetuity, or for the longest period of time available under Federal law, whichever term is longer. The non-compete obligations of this Agreement will remain in effect for the longest period of time allowable by law, but under no circumstances shall be less than two (2) years after termination of relations between Corporation and Individual.

### 17. Applicable Law

This Agreement will be construed, interpreted and applied in accordance with the laws of the United States of America and the State of Florida. The forum for contests of this Agreement shall only be in Palm Beach County, Florida.

### 18. Notices

Any notice, communication, offer, acceptance, request, consent, reply, or advice (collectively referred to here as "Notice"), provided or permitted to be given, served, made, or accepted by any party or person to any other party or parties, person or persons, hereunder must be in writing, addressed to the party to be notified at the address set forth below such party's name on the signature page of this Agreement, or such other address of which one party has notified the other in writing pursuant to the terms of this Section, and must be served: (1) by facsimile or other similar electronic method with a hard copy of such notice sent no later than the next business day as specified under (2) below; (2) by depositing the same in the United States mail, certified or registered mail, return receipt requested and postage paid; or (3) by personal delivery. Notice shall be effective: (i) twenty-four (24) hours after being transmitted by facsimile or other similar electronic method, provided a hard copy is sent as specified in (1) above; (ii) seventy-two (72) hours following being properly mailed; or, (iii) immediately upon personal delivery. Notice otherwise given is effective only if and when received.

Initials ____ HR Initials ____

19. **Entire Agreement, Amendments, Prior Discussions**

This Agreement constitutes the final, exclusive and complete statement of the Parties' agreement respecting the subject matter addressed herein. This Agreement may not subsequently be amended or modified except by a writing signed by both Parties hereto. The Individual hereby confirms that any information disclosed to it by Corporation, or any discussions held between the Parties, prior to the date of this Agreement shall be subject to the terms of this Agreement.

20. **Successors and Assigns**

This Agreement shall be binding on, and shall inure to the benefit of, the parties to it and their respective legal representatives, successors and assigns.

21. **Survival**

This Agreement shall survive the cessation of any discussions between the parties with regard to the proposed employment or other business relationship.

22. **Severability**

If a court of competent jurisdiction declares any provision of this Agreement void or unenforceable, such provision shall be severed from this Agreement, which shall otherwise remain in full force and effect.

23. **Counterparts**

This Agreement may be signed in one or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

24. **Dispute Resolution by Arbitration**

All disputes in any manner relating to or arising out of this Agreement shall be resolved through binding arbitration under the auspices of the American Arbitration Association, or such other arbitration association as the parties may agree. The decision or award of the arbitrator shall be binding upon the parties and shall be enforceable by a judgment entered in a court having jurisdiction. In the event that the arbitrator determines there is a prevailing party in the arbitration, the prevailing party shall recover from the other party all costs of arbitration, including all reasonable attorneys' fees incurred by the prevailing party. Notwithstanding the foregoing, this provision shall not be construed to limit a party's right to seek preliminary or permanent injunctive relief in any court of competent jurisdiction.

Initials _/V_  HR Initials _____   Page 6 of 7

25. Attorneys' Fees to Prevailing Party if Any Legal Action Brought to Enforce or Interpret Agreement

In the event any suit or other action is commenced to construe or enforce any provision of this Agreement, the prevailing party, in addition to all other amounts such party shall be entitled to receive from the other party, shall be paid by the other party a reasonable sum for attorneys' fees and costs.

CORPORATION ADDRESS:

6601 Park of Commerce Boulevard
Boca Raton, FL 33487

INDIVIDUAL'S ADDRESS:

2016 ALTA MEADOWS LN #712
DELRAY BEACH, FL. 33444

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

Seisint, Inc.

By: _____

Name: ~~Dara McGrath~~ Kenneth J. Schwartz

Date: 3·13·03

Witness (Print Name): Lisa Liberski
Witness (Signature): _____

Individual:

By: Jacquelyn Snipe(?)

_VACAVELYN SPIEGEL_
Print Name

Initials _____ HR Initials _____    Page 7 of 7